DANIEL BEWLEY *v.* STATE OF INDIANA.

[No. 2-1074A243. Filed February 27, 1975.]

*Richard L. Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PER CURIAM.—Defendant-appellant (Bewley) appeals his conviction of rape contending that the evidence was not sufficient to sustain the conviction.

We affirm.

Bewley does not deny that sexual relations took place between himself and the victim. However, he argues that the evidence was not sufficient to show that the act of intercourse was against her will.

A review of the facts most favorable to the State is sufficient to dispose of Bewley's argument.

On the evening of January 1, 1973, the victim heard a noise on her front porch and opened the door to investigate. Bewley and Curtis were on the porch and pushed their way into the house. They asked if her husband was home and were informed that he was not. After talking between themselves for a few minutes, Curtis came toward the victim, grabbed her arm and dragged her into the bedroom. As she screamed and fought against Curtis, Bewley grabbed her legs and assisted in getting her into the bedroom and on the bed. Bewley held her down while Curtis removed her slacks and undergarments. As she continued to fight and scream, Bewley put his hands on her throat and began choking her, telling her if she did not stop screaming he would kill her. Her screaming woke her two year old daughter and Bewley picked up the child and brought her into the bedroom. The victim was then told that if she co-operated, they would not hurt her or her little girl. Curtis proceeded to have intercourse with her while Bewley held the baby. When Curtis had finished, he took the baby and Bewley had intercourse with the victim. As he began, she was again warned to be still as Curtis had her little girl.

This evidence was sufficient to show that Bewley had intercourse with the victim against her will through the use of force and threats of force. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns 1956).

Judgment affirmed.